Date signed October 03, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

IN RE:  :
        :
GERARDO A. ARISTONDO    :   Case No. 11-14550PM
OLGA  M. ARISTONDO      :   Chapter 13
        :
        Debtors  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

## MEMORANDUM OF DECISION

The DebtorsGerardo A. Aristondo and Olga M. Aristondo, are both W-2 employees working as a furniture installer and cleaner, respectively.  Before the court is the Standing Chapter 13 Trustee's objection to Debtors' claim of exemptions whereby they claim exemptions in future tax refunds on Schedule C as follows:

| | | |
|---|---|---|
| Future tax refunds | (Husb) Md.Cts & Jud.Proc Code § 11-504(b)(5) | 1,583.83 |
| | (Husb) Md.Cts & Jud.Proc. Code § 11-504(c)(3)(f) | 5,000.00 |
| Future tax refunds | (Wife) Md.Cts & Jud.Proc. Code § 11-504(b)(5) | 1,28610 |
| | (Wife) Md.Cts. & Jud.Proc. Code § 11-504(c)(3)(f) | 5,000.00 |

MD. CODE ANN. CTS. & JUD. PROC. § 11-504(b)(5)[1] and § 11-504(f)(1) provide:

---

[1]  The statutory citation in Schedule C should have been to 11-504(f)(1).

**§ 11-504.  Exemptions from execution.**

(b) *In general.* -- The following items are exempt from execution on a judgment:

(4) The debtor's interest, not to exceed $1,000 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for the personal, family, or household use of the debtor or any dependent of the debtor.

\*          \*          \*          \*          \*

(f) *Interest in real or personal property.* -- (1) In addition to the exemptions provided in subsection (b) of this section, and in other statutes of this State, in any proceeding under Title 11 of the United States Code, entitled "Bankruptcy," any individual debtor domiciled in this State may exempt the debtor's aggregate interest in:

(i) Personal property, up to $5,000.

As agreed by the parties, property of the estate includes, in addition to the property specified in § 541 of the Bankruptcy Code, earnings from services performed by the Debtors after the commencement of the case.

As explained in the opinion of Judge Keir in the case of *In re Fishbein*, 245 B.R. 36 (BC Md. 2000), post-petition tax refunds due on pre-petition earned income are not subject to exemption from attachment by MD. COM. LAW CODE ANN. §15-601.1 and may not be claimed as exempt under that section of the Bankruptcy Code.  But such refunds may be claimed as exempt pursuant to § 11-504 of the Maryland Code.  However, the exemptions claimed by Debtors are in a different category and deal with potential refunds for post-petition earnings.  Unfortunately, for the position of the Debtors, the exemptions provided for by § 11-504 deal with funds and interests in property held by them as of the date of the filing of their petition.  MD.CODE ANN. CTS. & JUD. PROC. §11-504(a)(2) provides that "Value" means fair market value as of the date upon which the execution or other judicial process becomes effective against the property of the debtor, <u>or the date of filing the petition under the federal Bankruptcy Code</u>."  Clearly, the plain language of the statute prevents Debtors from claiming as exempt property that did not exist as of the date of the filing of the bankruptcy case.  The property sought to be exempted is simply not in existence. Moreover, the Debtors cannot convert wages that are not subject to exemption into property that is merely by increasing their withholding obligations beyond that reasonably calculated pursuant to IRS standards, in order to place the funds beyond the reach of creditors and the requirements of Chapter 13.

As the Trustee points out succinctly:

> Section 1306(a) specifies that property of the estate includes (1) all after-acquired post-petition property, and (2) the Debtors' post-petition earnings. Section 1325(b) requires the Debtors to devote their projected disposable income to pay unsecured creditors. Section 1322(a)(1) specifies that the Debtors shall turn over such future income or earnings as is necessary for the execution of the plan. The Supreme Court has recently stated that the purpose of the means test is "to help ensure that debtors who *can* pay creditors *do* pay them." <u>Ransom v. FIA Card Services, N.A.</u>, 131 S.Ct. 716, 721 (2011). The structure of Chapter 13 is predicated on the payment of disposable income from a debtor's earning or income. Section 522(d) does not provide any exemption for wages or tax refunds under the federal exemptions. It is uncertain that Bankruptcy Code does not preempt any state exemption scheme that conflicts with the Code. While section 522(b) refers to section 541, it does not refer to section 1306. After-acquired income or earnings in a Chapter 13 case simply cannot be exempted under section 522(b).

The Trustee's objection will be sustained.

cc:
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Jose Blanco, Esq., 2446 Reedie Drive, #14, Silver Spring, MD 20902
Gerardo/Olga Aristondo, 20227 Grazing Way Gaithersburg, MD 20886

**End of Memorandum**